COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

DEBORAH LYNN HINKLE

v.    Record No. 1947-96-4                    MEMORANDUM OPINION*
                                                   PER CURIAM
ROCCO FARM FOODS/ROCCO                       JANUARY 7, 1997
 ENTERPRISES, INC. AND
 HOME INDEMNITY COMPANY

                                        FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

          (Jerry O. Talton, on briefs), for appellant.

          (Cathleen P. Welsh; Wharton, Aldhizer &
          Weaver, on brief), for appellees.


     Deborah Lynn Hinkle appeals a decision of the Workers'

Compensation Commission denying her an award of temporary total

disability benefits after February 19, 1995.  Hinkle contends

that the commission erred in finding that she failed to prove

that she was disabled after February 19, 1995 as a result of her

compensable August 26, 1993 injury by accident.  Finding no

error, we affirm.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence established that Hinkle sustained a

compensable right arm injury on August 26, 1993.  After the

accident, Hinkle continued to work, but experienced intermittent

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

right hand and arm symptoms.  On January 31, 1994, Hinkle sought treatment for these symptoms from Dr. Mark A. Rhodes, an orthopedic surgeon.  On January 31, 1994, Dr. Rhodes noted by way of history Hinkle's work-related accident.  Dr. Rhodes further noted subjective complaints and diagnosed traumatic lateral epicondylitis of the right elbow and extensor tendinitis secondary to acute strain of the right forearm and wrist.  Dr. Rhodes treated Hinkle's injuries conservatively.  Hinkle returned to Dr. Rhodes on March 14, 1994 and June 14, 1994.

On August 9, 1994, claimant sought emergency room treatment for an unrelated right thumb injury sustained at work on that date.  After this accident, claimant was released to return to work on August 22, 1994.  On August 24, 1994, Hinkle returned to Dr. Rhodes for treatment of the thumb injury.  Dr. Rhodes did not note any complaints by Hinkle of right arm symptoms.  Hinkle was also treated by Dr. Rhodes on September 16, 1994, and she telephoned his office on September 28 and October 5, 1994.  On those occasions, Hinkle complained of right thumb pain, but did not mention right arm or hand symptoms.

On November 2, 1994, Dr. Rhodes noted a flare-up of Hinkle's right elbow epicondylitis, as well as ongoing right thumb symptoms.  On November 10, 1994, Dr. Rhodes imposed restrictions on Hinkle's use of her right arm and performed surgery on her right elbow on December 8, 1994.  Thereafter, Dr. Rhodes released Hinkle to return to full-duty on February 20, 1995.  Hinkle

2

sought treatment from Dr. Rhodes on March 2 and March 20, 1995. After March 20, 1995, Hinkle did not seek any medical treatment for right arm symptoms until August 9, 1995, when she returned to Dr. Rhodes upon her lawyer's request. On that date, Dr. Rhodes noted Hinkle's continuing symptoms and prescribed medication, but he did not mention disability.

On August 31, 1995, Dr. Rhodes answered "yes" to the following question posited by Hinkle's counsel:

> Has Deborah Hinkle been unable to perform the full duties of her preinjury employment since on or before April 13, 1995 and continuing through the present due to the accident of August 26, 1993?

Based upon this record, the commission found that Hinkle failed to prove disability after February 19, 1995 causally related to her compensable right arm injury. In light of Dr. Rhodes' office notes through March 20, 1995, which indicated only subjective complaints and did not mention disability or restrictions, the commission gave little weight to claimant's testimony that she was laid off by employer in April 1995 due to disability caused by her right arm symptoms. In addition, the commission gave no weight to Dr. Rhodes' response to Hinkle's counsel's question, finding as follows:

> This statement, however, must be read in light of the fact that Dr. Rhodes did not see the claimant between March 20 and August 9, 1995. Moreover, his office notes for those two dates make no reference to disability, and this opinion apparently comes after the fact. There is no evidence, medical or otherwise, to the contrary.

3

Unless we can say as a matter of law that Hinkle's evidence sustained her burden of proving causally-related disability after February 19, 1995, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Dr. Rhodes' release of Hinkle to full-duty without restrictions as of February 20, 1995 supports the commission's decision that she failed to prove disability after February 19, 1995. In light of the lack of any medical treatment by Dr. Rhodes between March 20 and August 9, 1995 for Hinkle's right arm symptoms and the lack of any reference to disability in Dr. Rhodes' office notes for this same period of time, the commission was entitled to reject Dr. Rhodes' August 1995 opinion. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). In addition, in light of the lack of medical evidence establishing causally-related disability, the commission, as fact finder, was free to give little weight to Hinkle's testimony.

While we note Dr. Rhodes' March 20, 1995 suggestion that Hinkle seek other employment, we also note that Dr. Rhodes did not treat Hinkle between March 20, 1995 and August 9, 1995, nor did he state prior to August 31, 1995 that Hinkle was disabled from performing her pre-injury employment.

4

Absent Dr. Rhodes' August 1995 opinion, there is no medical evidence to support a finding of causally-related disability after February 19, 1995. Accordingly, we cannot find as a matter of law that Hinkle's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

5

Benton, J., dissenting.

In finding that Hinkle failed to prove causally-related disability after February 19, 1995, the commission rejected Dr. Rhodes' August 31, 1995 undisputed opinion to the contrary. The commission's finding is not supported by the evidence.

On March 20, 1995, Hinkle returned to Dr. Rhodes with continued discomfort in her right elbow. Dr. Rhodes noted that Hinkle "had gone back to work on March 6, had pain and was attempting to try other positions which did not help." Dr. Rhodes diagnosed Hinkle as suffering from persistent recurrent right lateral epicondylitis, possible radial tunnel syndrome and tendinitis of the right elbow. He opined that the constant repetitive nature of Hinkle's employment prevented her from obtaining relief from her elbow pain. He suggested that Hinkle seek other employment and recommended that she contact vocational rehabilitation.

The commission failed to take into account Dr. Rhodes' March 20, 1995 recommendation that Hinkle should seek alternative employment. Dr. Rhodes' opinion established that he believed Hinkle could not perform the full duties of her pre-injury employment as of March 20, 1995 as a result of her compensable right arm injury. On August 9, 1995, Dr. Rhodes noted that Hinkle continued to have discomfort in her right elbow and had been unable to perform her pre-injury job or an alternative job provided by employer. No medical evidence between March 20, 1995

6

and August 9, 1995 supports the commission's implicit finding that Hinkle was able to perform the duties of her pre-injury employment.

Dr. Rhodes' medical records and opinions are undisputed. As the treating physician, Dr. Rhodes' opinions should have been given great weight by the commission. <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). Therefore, the record provides no basis upon which the commission could properly reject Dr. Rhodes' August 31, 1995 opinion that Hinkle could not perform the full duties of her pre-injury employment since on or before April 13, 1995 and continuing.

Because the undisputed medical evidence, as well as Hinkle's testimony, established that Hinkle was disabled from performing her pre-injury employment after April 13, 1995, I would reverse the commission's decision.